UNITED STATES, Appellee,

v.

**Private First Class Curtis L. MARTIN, 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, United States Army, Appellant.**

**ACMR 9000611.**

U.S. Army Court of Military Review.

15 July 1991.

For Appellant: Major Michael J. Kelleher, JAGC, Captain Holly K. Desmarais, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Marcus A. Brinks, JAGC (on brief).

Before FOREMAN, HAESSIG and HAGAN, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Senior Judge: *

A general court-martial composed of officers convicted the appellant, contrary to his

---

* This opinion was prepared with substantial assistance from Ms. Natalie E. Gutterman, a senior law student at the Marshall–Wythe School of

pleas, of two specifications of conspiracy to commit robbery and two specifications of robbery, in violation of Articles 81 and 122, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 922 (1982). The approved sentence imposes a bad-conduct discharge, confinement for six years, forfeiture of all pay and allowances, and reduction to Private E1.

The appellant contends that the military judge erred by admitting the appellant's statements, which were the fruits of an illegal apprehension. We hold that the appellant was lawfully apprehended.

Special Agent (SA) Dana Jordan was the duty agent at the Giessen office of the US Army Criminal Investigation Command (CID) on 11 October 1989. At 0044 hours, she received information from the military police that a German mini-cab driver had been robbed. SA Jordan learned that four black males rode in the cab to an automatic teller machine (ATM) at an Army and Air Force Exchange Service (AAFES) gas station, and continued on to the Dulles housing area. Once the cab arrived at the housing area, one of the men grabbed the driver's money pouch, and all four ran away.

At 0930 hours, SA Jordan went to the MP station and obtained the robbery report. The statement of Mr. Achim Pott, the cab driver and victim, verified the details of the robbery as they were reported by the military police to SA Jordan. While at the station, SA Jordan learned that Mrs. Ricker, an employee at the vehicle registration office, had received an anonymous phone call concerning the robbery.

Upon returning to the CID office, SA Jordan read Mr. Pott's statement. At approximately 1010 hours, she called Mrs. Ricker, who told her that she had received an anonymous call from someone who sounded like a black man, with a sleepy voice, who told her about the mini-cab robbery that had occurred the night before. The caller named three soldiers, including the appellant, as the perpetrators, and identified their unit. He stated that the individuals were not caught because they ran

through the Dulles housing area. The caller added that these same individuals were also responsible for the "trail robberies," and that they had bragged about the mini-cab robbery upon their return to their unit.

After speaking with Mrs. Ricker, SA Jordan called the bank which operated the ATM, but did not receive an answer. She then telephoned Sergeant (SGT) Manning at the military police station and asked him to bring in for questioning the three soldiers named by the anonymous caller. SA Jordan again telephoned the bank and requested the teller machine tape. The bank manager, Mr. Koch, called SA Jordan at 1115 and informed her that the tape showed transactions shortly after midnight by the appellant and other attempted transactions by another soldier named by the anonymous caller.

SGT Manning apprehended the three soldiers named by the anonymous caller and brought them to the CID office at 1130. The appellant was advised of his rights and rendered a written, sworn statement which implicated him in both the trail robberies and the mini-cab robbery.

At trial, defense counsel moved to suppress the appellant's statement. The military judge denied the motion and made extensive findings. He found that the appellant was apprehended by SGT Manning, pursuant to SA Jordan's request. The military judge also found that SA Jordan knew the facts contained in Mr. Pott's statement, the details given by the anonymous caller to Mrs. Ricker, and the contents of the teller transactions before the appellant was actually apprehended, and that therefore there was probable cause to apprehend.

■ Probable cause is required in order to apprehend a soldier. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 302(c) [hereinafter R.C.M.] sets the probable cause standard for apprehension: "Probable cause to apprehend exists when there are reasonable grounds to believe that an offense had been ... committed and that the person to be apprehended committed ... it." R.C.M.

Law, working as a summer intern with the     court.

302(c). " 'Reasonable grounds' means that there must be the kind of reliable information that a reasonable, prudent person would rely on which makes it more likely than not that something is true.... A person who determines probable cause may rely on the reports of others." R.C.M. 302(c) discussion.

In *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the Supreme Court abandoned the "two-pronged test" for determining probable cause, articulated in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), and used a "totality of the circumstances" approach instead. The totality of the circumstances test applies to the military. *United States v. Johnson*, 23 M.J. 209 (C.M.A.1987). The Supreme Court stated that "probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, adduced to a set of near legal rules." *Illinois v. Gates*, 462 U.S. at 232, 103 S.Ct. at 2329. The same principle applies in apprehensions. "Frequently, probable cause for an arrest or a search has been predicated on an anonymous report when properly corroborated." *United States v. Ellis*, 31 M.J. 26, 28 (C.M.A.1990).

██ The weakness of the tip in *Illinois v. Gates* was "the anonymity and lack of proven reliability of the informant. This was overcome, in the Supreme Court's view, by the specificity of the information provided and the substantial corroboration provided by law enforcement officials." *United States v. Tipton*, 16 M.J. 283, 286 (C.M.A.1983). In appellant's case, there was more than enough corroboration by the time that SA Jordan requested SGT Manning to bring the appellant to the CID office. The anonymous caller provided: information as to the type of crime committed including the date and location of the crime; the identity of three soldiers by name, rank and unit; and, details about how the perpetrators fled the scene and how they bragged about their crime afterwards. This information was corroborated by the military police report and the statement provided by the victim, Mr. Pott, both of which recited substantially identical details. The caller did not predict an offense that was to occur in the future, rather he confirmed details of a crime which had already been committed, but which were not publicly known.

As Justice White observed in his concurring opinion in *Spinelli v. United States*, "because an informant is right about some things, he is most probably right about other facts." 393 U.S. at 427, 89 S.Ct. at 594–95. Since the caller here provided details that were already corroborated by established facts, it was justifiable for SA Jordan to assume the caller was correct in identifying the three soldiers who allegedly perpetrated the crime. *See* R.C.M. 302(c) discussion. Further corroboration was provided when SGT Manning arrived at the unit and found that three soldiers with names corresponding to the anonymous caller's description were in fact assigned to that unit.

Whether or not SA Jordan had the information that appellant had engaged in an ATM transaction at the AAFES gas station before the military police actually apprehended appellant is irrelevant. Using the *Illinois v. Gates* totality of the circumstances approach, the information provided by the military police report, the statement by Mr. Pott, and the details given by the anonymous caller were of such substantial similarity as to provide probable cause to apprehend those individuals named by the caller. Accordingly, we hold that the appellant was lawfully apprehended and his subsequent statement was admissible.

We have considered the remaining assignment of error, including those personally asserted by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and have determined that they are without merit.

The findings of guilty and the sentence are affirmed.

Judge HAESSIG and Judge HAGAN concur.